| | |
|---|---|
| JASON MALTZ, JEFFREY MALTZ, and MICHELE MALTZ-MATYSCHSYK,<br><br>                              Plaintiffs,<br><br>vs.<br><br>PRUCO LIFE INSURANCE COMPANY,<br><br>                              Defendant. | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>CIVIL ACTION NO. 7:20-cv-06464-VLB-JCM<br><br><br><br>**STIPULATED PROTECTIVE ORDER** |

      The Parties hereby STIPULATE, and the Court, for good cause shown, HEREBY ORDERS, ADJUDGES AND DECREES that the following Protective Order is issued to govern certain disclosures in this case:

1. **Purpose.**

    a. The Parties recognize that preparation for the prosecution and defense of this litigation may require the discovery of certain information and documents that a Party or nonparty reasonably believes are subject to confidentiality limitations on disclosure under applicable laws, regulations and privacy rights. Disclosure of such information without reasonable restriction on its use may cause harm, damage, loss, embarrassment or disadvantage to the Producing Party or a nonparty. Accordingly, and pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c) and other applicable laws and rules, the Parties sought, and the Court entered this Order to facilitate the orderly and efficient discovery of relevant information while adequately protecting material believed to be confidential and ensuring that protection is afforded only to material so entitled.

    b. This Order is entered based on the representations and agreements of the Parties. Designating a document or information as Confidential Material does not mean that the document or information has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Material is entitled to protection under FRCP 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

2. **Definitions.**

    a. "Confidential Material" means any document, testimony or information that a Designating Party reasonably believes to be entitled to confidential treatment under FRCP 26(c)(1)(G) and that the Party designates as such in accordance with the provisions of this Order. Confidential Materials include, but are not limited to, trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Designating Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Designating Party's or non-party's business or the business of any of that Designating Party's or non-party's customers or clients.

1

    b. Consistent with Local Civil Rule 26.3(c)(2) "document" or "documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

    c. "Testimony" means all depositions, declarations, affidavits or other pre-trial testimony taken or used in this litigation.

    d. "Information" means the content of documents or testimony, as well as any matter derived therefrom or based thereon.

    e. "Copies" includes electronic images, duplicates, extracts, summaries, compilations or descriptions.

    f. "Designating Party" or "Producing Party" means the Party or nonparty that produces and/or designates documents, testimony or information subject to this Order.

    g. "Receiving Party" means the party that receives documents, testimony or information subject to this Order.

    h. The term "disclose" and iterations thereof mean to produce, reveal, divulge, give or make available documents, testimony or information.

3. **Scope.**

    a. This Order shall govern all Confidential Material and all copies thereof, whether revealed in a document, testimony or other information.

    b. This Order is subject to the rules of this Court and the Local Rules of the United States District Court for the Southern District of New York ("Local Rules") and the FRCP.

    c. This Order shall take effect when entered and shall be binding upon all Parties and their counsel in this litigation; upon the Parties' employees, representatives, directors, officers, corporate parents, subsidiaries, affiliates and successors; upon all signatories to Attachment A and (as applicable) their employees, representatives, directors, officers, corporate parents, subsidiaries, affiliates and successors; and upon all others made subject to this Order by its terms.

    d. If additional parties other than parents, subsidiaries or affiliates of current Parties are added to this litigation, their ability to receive Confidential Material will be subject to their being bound, by agreement or Court Order, to this Order.

    e. Subject to the consent of the undersigned counsel, nonparties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Producing Party for purposes of this Order.

    f. The entry of this Order does not preclude any Party from seeking further order from this Court, including modification of this Order, or from objecting to discovery that the Party believes to be improper.

4. **Designations of Confidential Material.**

a. <u>Procedure for Documents</u>. A Designating Party may designate a document as Confidential Material by placing or affixing the words "**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**" on the document and on all copies. Such markings shall be placed in a manner that will not interfere with the legibility of the document. Any copies made of Confidential Material shall also be appropriately marked.

b. <u>Nonparty Productions</u>. With respect to documents or information produced by a nonparty, either the nonparty or a Party may designate the documents or information as Confidential Material pursuant to this Order. The designation by a Party of documents or information produced by a nonparty as Confidential Material shall be governed by paragraph 15 of this Order.

c. <u>Certification by Counsel or Party</u>. A Party's designation of Confidential Material is made pursuant to Rule 26(g), and each Party and its counsel submits to the jurisdiction and authority of this Court concerning such designations and the enforcement of this Order.

5. **Depositions.**

   a. All depositions shall presumptively be treated as Confidential Material and subject to this Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen (15) day period, the deposition shall be classified appropriately. :

   b. When a Party designates testimony as Confidential Material during the deposition, the Designating Party may exclude from the deposition all persons who are not Qualified Persons under this Order.

   c. During depositions, Confidential Material may be used or marked as exhibits but shall remain subject to this Order and may not be shown to the witness unless such witness is a Qualified Person.

6. **Protection of Confidential Material.**

   a. Except as specifically provided in this Order, the Receiving Party and its counsel shall keep all Confidential Material disclosed to them within their exclusive possession and control, shall make reasonable efforts to maintain the confidentiality of such Confidential Material, and shall not permit unauthorized disclosure of Confidential Material.

   b. Except as specifically provided in this Order, Confidential Material shall not be used or disclosed by the Parties, counsel for the Parties or any Qualified Persons for any purpose whatsoever other than as required for the preparation of any trial (or appeal thereof) in this litigation.

   c. Access to and disclosure of Confidential Material shall be limited to those persons designated as Qualified Persons. Any Qualified Person to whom Confidential Material is disclosed shall not disclose by any means any Confidential Material other than as permitted by this Order.

   d. In the event that Confidential Material is disclosed to any person other than in the manner authorized by this Order, the Party or nonparty responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating

to the disclosure or loss of confidentiality. The Party or nonparty responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent further disclosure of Confidential Material.

7. **Qualified Persons with Respect to Confidential Material.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Material to any person or entity except the following Qualified Persons:

    a. Personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder.

    b. Counsel for the Parties to this action and their associated attorneys, paralegals and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder..

    c. Expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that (i) such Confidential Material is not disclosed prior to completion by the expert witness or consultant of the certification contained in Attachment A; and (ii) disclosure shall not be made to any expert or consultant who, as described in paragraph 8, is employed by or a consultant to a Competitor.

    d. The Court and its personnel.

    e. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer.

    f. A witness identified in the Confidential Material as an author, source or recipient of the Confidential Material or who already has a copy of the Confidential Material obtained without violation of this Protective Order.

    g. Other persons only by written consent of the Producing Party or upon order of the Court and provided that such person has completed the certification contained in Attachment A and has satisfied such additional conditions as may be agreed upon or ordered.

8. **Non-Disclosure to Competitors.** Notwithstanding the foregoing, without express written consent or Court Order, in no event shall any disclosure of a Defendant's Confidential Material be made to any known Competitor or to any person who, upon reasonable inquiry, could be determined to be a current officer, director, employee of or consultant for a Competitor irrespective of whether such person is retained as an expert in this litigation. A "Competitor," in the context of this litigation, shall mean any company involved in the provision of insurance, annuities or retirement products, investment management, and sale or distribution of financial products and services to both retail and institutional customers or current officer, director, employee or consultant of such entity.

9. **Challenges by a Party to Designation of Confidential Material.** The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Material. If the Producing Party does not agree to declassify such document or material within thirty (30) days of the written request, the parties shall meet and confer in good faith to attempt to resolve the dispute. If after meeting and conferring in

good faith the parties are unable to resolve the dispute, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Material. If such motion is filed, the documents or other materials shall be deemed Confidential Material unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Material.

10. **Action by the Court.** Applications to the Court for an order relating to documents or information designated as Confidential Material or to materials over which a privilege has been claimed shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order shall limit the Court's authority to make orders concerning the disclosure of documents or information produced in discovery or at trial.

11. **Filing of Under Seal.** This Order does not, standing alone, authorize the filing of any document or information under seal. Any party wishing to file a document or information under seal must comply with Judge Briccetti's Individual Practices.

12. **Use of Confidential Material in Court Prior to Trial.** The Parties will use the following procedure, absent further Court Order, for disclosing Confidential Material to the Court prior to trial.

    a. Confidential Material is not to be filed with the Court except when required in connection with motions or other matters pending before the Court.

    b. Confidential Material may be referenced in written discovery requests and responses, and in motions, briefs or other court filings, as necessary in connection with a permitted purpose, provided that the Party filing any motion, brief or other paper with the Court shall redact or otherwise exclude from the filing any non-essential Confidential Material. The Party filing any motion, brief or other paper referring to or containing Confidential Material that has not been redacted shall move to file such motion, brief or other paper under seal, pursuant to Judge Briccetti's Individual Practices.

    c. To the extent nonparty Confidential Material is used, the Parties must notify the Producing Party of such use.

13. **Use of Confidential Material at Trial or Evidentiary Hearing.** Nothing in this Order shall be construed to affect the use of any document, testimony or information at any trial or evidentiary hearing. A Party who intends to present or who anticipates that another Party may present Confidential Material at an evidentiary hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the substance of the Confidential Material. The Parties shall meet and confer regarding the procedures for use of such Confidential Material at trial or any evidentiary hearing and, if necessary, shall move the Court for entry of an appropriate order. The Court may make such orders as are necessary to govern the use of such Confidential Material at trial(s) or evidentiary hearing(s).

14. **Confidential Material Requested, Subpoenaed or Ordered by Other Entities or Persons.**

    a. If a Receiving Party is called upon to produce Confidential Material in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Material is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for

    the Designating Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Designating Party five (5) business days to object to the production of such Confidential Material, if the Designating Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any party to this Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

  b.  The obligations set forth in this paragraph remain in effect for as long as any Party or person has Confidential Material (as designated by another Party or nonparty) in its possession, custody or control.

15. **Designation of Documents Produced By Nonparties.**

  a.  Upon production of any materials by any nonparty in this litigation, the Receiving Party shall promptly provide a copy of the materials to each other Party and, absent agreement to the contrary, shall allow each Party 30 days after the Party's receipt of the materials to make appropriate designations under this Order before disclosing the materials to anyone other than counsel. Until the expiration of 30 days, such documents or information disclosed by any such nonparty shall be treated as Confidential Material under this Order.

  b.  Any Party may, either within this 30-day period or thereafter as appropriate, designate as Confidential Material any document or information that is disclosed by any nonparty, provided that such document or information contains the Confidential Material of the Designating Party. Following any such designation, the Designating Party shall be treated as having produced the designated documents or information for purposes of all protections and limitations on use under this Order.

16. **Obligations upon Conclusion of Litigation.**

  a.  <u>Order Continues in Force</u>. After the termination of this litigation by entry of a final judgment or order of dismissal, this Order shall remain in force unless otherwise agreed upon or ordered. This Order is, and shall be deemed to be, an enforceable agreement between the Parties, their agents and their attorneys. The Parties agree that the terms of this Order shall be interpreted and enforced by this Court.

  b.  <u>Disposition of Confidential Material</u>.

      i.  Upon the request of the Producing Party after the final conclusion of this litigation (including without limitation any appeals and after the time for filing all appellate proceedings has passed), the Receiving Party shall make a reasonable effort to return all Confidential Material to the Producing Party, destroy it or otherwise comply with an applicable order of the Court, subject to the exception described herein.

      ii.  The return or destruction of Confidential Material under this paragraph shall include, without limitation, all copies thereof.

      iii.  Within 60 days of receipt of a written request for certification, the Parties shall certify that all Confidential Material required to be returned or destroyed has been so returned or destroyed.

      iv.  As an exception to the above requirements, and unless otherwise ordered by the

> Court, counsel may retain: (1) copies of pleadings or other papers that have been filed with the Court and that are Confidential Material or that reflect, reference or contain Confidential Material; (2) documents bearing the notations, summations, or other mental impressions (*i.e.*, attorney work product); (3) official transcripts and exhibits thereto; and (4) materials required to be retained by other laws, rules or regulations, including those of the New York State Bar Association and New York Court of Appeals. Any retained Confidential Material shall continue to be protected under this Order. An attorney may use his or her own work product in subsequent litigation, provided that its use does not disclose or use Confidential Material or otherwise violate this Order.

17. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter.

18. **No Waiver of Privilege or Protection.**

    a. In discovery in this lawsuit, the Parties have agreed that they do not intend to disclose information subject to a claim of attorney-client privilege or attorney work product protection.

    b. Whether inadvertent or otherwise, the disclosure of any information or document that is subject to a claim of attorney-client privilege or work product protection ("Privileged or Protected Information or Documents") will not be deemed to waive a Party's claim to its privileged or protected nature – either as to specific information or documents or as to the same or related subject matter – in this litigation or in any other federal court, state court or arbitration proceeding. Additionally, the disclosure of Privileged or Protected Information or Documents will not estop a Party or the privilege holder from designating the information or document at a later date as attorney-client privileged, subject to the work product doctrine or subject to this Order.

    c. If a Receiving Party believes or reasonably should believe that it has received another Party's Privileged or Protected Information or Documents, the Receiving Party shall immediately notify the Producing Party, identifying by Bates number the specific information or documents believed to be Privileged or Protected Information or Documents.

    d. Any party receiving Privileged or Protected Information or Documents shall return or destroy them upon request from the Producing Party. Upon receiving such a request as to specific Privileged or Protected Information or Documents, the Receiving Party shall return to the Producing Party or destroy the Privileged or Protected Information or Documents within 5 business days, regardless of whether the Receiving Party agrees with the claim. After receiving such a request for return or destruction of Privileged or Protected Information or Documents, the Receiving Party shall not copy, distribute or otherwise use in any manner the Privileged or Protected Information or Documents. Further, the Receiving Party shall instruct all persons to whom the Receiving Party has disclosed the Privileged or Protected Information or Documents that the Privileged or Protected Information or Documents are subject to this Order and must be returned or destroyed.

    e. Should any motion be filed concerning the Privileged or Protected Information or Documents, the moving party shall not assert in support of such motion the fact or

  circumstances of the disclosure, whether inadvertent or otherwise.

 f. Paragraph 18 and its subparts shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502 and shall be enforceable and grant full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

19. **No Waiver of Confidentiality.**

 a. Disclosure of any document, testimony or information without the required confidentiality designation, whether inadvertent or otherwise, that the Producing Party intended to designate as Confidential Material shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to specific documents and information disclosed or as to the same or related subject matter.

 b. In the event that a Producing Party makes such a disclosure, it shall contact the Receiving Party as promptly as reasonably possible after discovery of the disclosure and inform the Receiving Party in writing of the specific material at issue.

 c. Upon receipt of such notice, the Receiving Party shall treat the material identified in the notice as Confidential Material until (i) the Parties agree to non-confidential treatment of the subject material, or (ii) the Court, on motion of any Party, issues an order addressing the appropriate treatment of the subject material.

 d. Within 5 business days of receiving such notice, the Receiving Party must return or destroy all copies of such Confidential Material and provide a certification that all such Confidential Material has been returned or destroyed. The Receiving Party shall notify every person or entity that received copies of or access to the material identified in the notice that such material contains Confidential Material and must be returned or destroyed. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated as Confidential Material.

 e. The Producing Party shall thereafter re-produce the Confidential Material with the appropriate legend.

 f. Should any motion be filed concerning the Confidential Material at issue, the moving party shall not assert in support of such motion the fact or circumstances of the disclosure, whether inadvertent or otherwise.

 g. Paragraph 19 and its subparts shall be interpreted to provide the maximum protection allowed under applicable law.

20. **Violation.** Any violation of this Order may subject the offending person to such sanctions and remedies as the Court may deem appropriate, including, and without limitation, contempt, injunctive relief and damages.

21. **Signature(s) (Counterparts).** This Order may be signed in counterparts, which, when fully executed shall constitute a single original, and electronic signatures shall be deemed original signatures.

WE SO MOVE and agree to abide by the terms of this Order,

_____      Stephen M. Turner
Leonard Spielberg, Esq.              _____
Harold Salant Strassfield & Spielberg ~~Justine N. Margolis, Esq.~~ Stephen M. Turner, Esq.
81 Main Street                       Dentons US LLP
White Plains, NY 10601               1221 Avenue of the Americas
*Attorneys for Plaintiffs*           New York, New York 10020
                                     *Attorneys for Defendant*
                                     *Pruco Life Insurance Company*

**DONE AND ORDERED** in WHITE PLAINS, NEW YORK, this \_\_\_11th\_\_\_ day of ~~OCTOBER~~ November, 2020.

_____
HON. VINCENT L. BRICCETTI, U.S.D.J.

## ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____, in the above-captioned action and attached hereto, understands the terms thereof and agrees to be bound by those terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Order and understands that the terms of the Order obligate him/her to use Confidential Material solely for the purposes of the above-captioned action, and to not disclose any such Confidential Material to any other person, firm or entity, except in accordance with the provisions of the Order.

The undersigned certifies that he/she is not a Competitor, as defined in paragraph 8 of the Order, is not currently employed by a Competitor, is not a consultant for a Competitor, and is not otherwise contracted with a Competitor.

The undersigned acknowledges that his/her obligation to honor the confidentiality of Confidential Material will continue even after the conclusion of the above-captioned action.

The undersigned acknowledges that violation of the Protective Order may result in sanctions or other remedies, including, but not limited to, contempt, injunctive relief and damages.

Name (printed): _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Signature: _____

Date: _____