```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JASON MALTZ, JEFFREY MALTZ, and          :
MICHELE MALTZ-MATYSCHSYK,                :
                    Plaintiffs,          :      MEMORANDUM
                                         :      OPINION AND ORDER
v.                                       :
                                         :      20 CV 6464 (VB)
PRUCO LIFE INSURANCE COMPANY,            :
                    Defendant.           :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiffs commenced this action against defendant Pruco Life Insurance Company in Supreme Court, Westchester County, alleging they are the beneficiaries of a life insurance policy issued by defendant insuring the life of their deceased mother, Barbara Maltz, and that defendant has refused to pay their claim. Defendant removed the case to this Court, and thereafter filed an answer and counterclaim seeking recission of the life insurance policy based on alleged misrepresentations made by the decedent in applying for the policy.

Now pending is plaintiffs' letter-motion requesting leave to amend the complaint to add a claim for equitable estoppel. (Doc. #24).[1]

For the reasons discussed below, leave to amend is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## DISCUSSION

I.  Legal Standard

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This permissive standard is consistent with [a] strong preference for resolving disputes on the merits." Williams v. Citigroup Inc., 659 F.3d 208, 212–13 (2d Cir. 2011)

---

[1] Unless otherwise indicated, citations to documents filed on the docket or in the record refer to the page numbers automatically assigned by the Court's Electronic Filing System, or "ECF."

1

(internal quotations omitted).  A court "may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) would prejudice the opposing party or (4) would be futile."  Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (original alterations omitted); accord, Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996).

Federal Rule of Civil Procedure 16(b)(4) applies when a party moves to amend a pleading after a court-ordered deadline to do so has expired.  Accordingly, a district court does not abuse its discretion in denying leave to amend after the deadline when the moving party fails to establish good cause.  Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000).  "[A] finding of 'good cause' depends on the diligence of the moving party."  Id.

II.     Application

In an exercise of the Court's discretion, plaintiffs' request for leave to amend is granted.

First, plaintiffs have established good cause for seeking leave to amend after expiration of the court-ordered deadline because plaintiffs discovered the basis for the new claim after the scheduled deadline.  Pursuant to the original Civil Case Discovery Plan and Scheduling Order, plaintiffs' deadline to file amended pleadings was November 20, 2020.  According to plaintiffs, they discovered the information supporting their estoppel claim through a document produced by defendant in December 2020 and confirmed the basis for their new claim during a deposition in late February 2021.  Accordingly, plaintiffs have proceeded in a diligent fashion and established good cause.  For the same reason, the Court cannot conclude plaintiffs unduly delayed in seeking leave to amend.

There is also no indication plaintiffs' request for leave to amend is sought for dilatory purposes or is made in bad faith.  And defendant does not argue convincingly it will be prejudiced by the proposed amendment.  Discovery is not scheduled to conclude until July 2021.

Therefore, the parties have several months to conduct any additional discovery necessitated by the amendment. As a result, any concomitant prejudice to defendant is minor. See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

Finally, there is no indication plaintiffs' proposed amendment would be futile. The proposed amended complaint alleges defendant sent to the decedent a letter indicating her life insurance policy was valid. According to plaintiffs, the decedent thereafter sought medical attention, but plaintiffs allege she would not have sought medical attention had she she known the policy was invalid at the time. (See Doc. #28 ¶¶ 11–22). Plaintiffs claim this letter prevents defendant from now seeking rescission of the policy. The proposed amendment plausibly alleges a prima facie claim for equitable estoppel under Connecticut law, and therefore would not be futile.[2] See Wells Fargo Bank, N.A. v. Lorson, 192 A.3d 439, 452 (Conn. App. 2018). Of course, this determination is without prejudice to defendant's moving for summary judgment at the close of discovery or raising any appropriate defense at trial.

## CONCLUSION

Plaintiffs' request for leave to file an amended complaint is GRANTED.

Plaintiffs shall separately file the amended complaint by no later than **April 30, 2021**.

Defendant shall answer, move, or otherwise respond to the second amended complaint within 21 days of its filing.

---

[2] Plaintiffs argue Connecticut law applies to the policy. The Court presumes Connecticut law applies for the purposes of this motion.

3

The Clerk is instructed to terminate the letter-motion.  (Doc. #24).

Dated: April 23, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge